## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DANIEL DOYLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **8:06CV683** |
| vs. | ) | |
| | ) | **ORDER** |
| **UFLEX USA, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the magistrate judge by consent of the parties. After a conference with the court, an amended final progression order was entered on December 21, 2007 incorporating the parties' agreement that "at the time of expert disclosures, the party making the disclosure(s) shall also provide three (3) separate dates within the next forty-five days upon which each witness is available for deposition." (Doc. 75 at ¶ 3.a).

The defendant, who has complied with the requirements of NECivR 7.1(i), filed a "MOTION TO COMPEL DISCOVERY, MOTION TO EXTEND THE SCHEDULING DEADLINES, AND IN THE ALTERNATIVE MOTION TO DISMISS" based on the plaintiff's failure to produce any expert witnesses for deposition within the time specified in the December 21, 2007 order. Defendant seeks an order extending the scheduling order deadlines by 60 days and compelling the plaintiff to produce his expert witnesses for deposition within the next 30 days. In the alternative, defendant moves for dismissal pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to prosecute or comply with the orders of the court.

In response, plaintiff advises that counsel has experienced "health issues resulting in a recent eye surgery." Plaintiff requests another 60-day continuance of all discovery deadlines.

Plaintiff has two attorneys of record. This is the fourth continuance that has been requested due, at least in part, to the plaintiff's failure to timely make his expert witnesses available for deposition.

The court finds that defendant's motion to compel should be granted, that the depositions of plaintiff's expert witnesses must be completed no later than **April 4, 2008**, and that other deadlines be extended accordingly. If plaintiff fails to comply with this schedule, sanctions will be imposed pursuant to Fed. R. Civ. P. 37, unless extraordinary circumstances make it impossible for plaintiff to comply.

**IT IS ORDERED** that plaintiff's MOTION TO COMPEL DISCOVERY, MOTION TO EXTEND THE SCHEDULING DEADLINES, AND IN THE ALTERNATIVE MOTION TO DISMISS [79] is granted, in part, as follows:

1. Plaintiff shall make all his expert witnesses available for deposition, and the depositions of plaintiff's experts shall be completed no later than **April 4, 2008.** If plaintiff fails to comply with this deadline, the plaintiff will be prohibited from introducing any testimony from any expert witness who has not been made available for deposition, *unless* (a) defense counsel agrees otherwise or (b) the presence of extraordinary circumstances made it impossible for the plaintiff to comply with this schedule.

2. The following deadlines set in the AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE [75] are extended, as follows:

a. **Motions for Summary Judgment** shall be filed not later than **June 10, 2008.**

b. All **depositions**, whether or not they are intended to be used at trial, shall be completed by **June 1, 2008.**

c. **Discovery motions** shall be filed not later than **April 10, 2008** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until **June 1, 2008.**

d. The depositions of plaintiff's expert witnesses shall be completed no later than **April 4, 2008.** The defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **May 15, 2008.** If necessary to refute the disclosed opinions of a defense expert, the plaintiff may disclose a rebuttal expert not later than **June 1, 2008**, providing that the plaintiff provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the rebuttal expert available for deposition prior to **June 16, 2008.**

e. Motions in limine challenging the admissibility of expert testimony at trial under Federal R. Evid. 702, *see, Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be

filed by **June 1, 2008**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing will constitute waiver of the request for a hearing. Any other motions in limine shall be filed on or before **July 25, 2008**.

All provisions and deadlines set in the AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE [75] that are not specifically modified in this Order remain in effect.

**DATED March 3, 2008.**

        **BY THE COURT:**

        s/ F.A. Gossett
        **United States Magistrate Judge**